UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 19-cr-10031-ADB

UNITED STATES OF AMERICA

v.

ANGEL MARTINEZ-PEGUERO

## ORDER ON DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

May 4, 2020

Boal, M.J.

Defendant Angel Martinez-Peguero is charged in an indictment with conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1); possession with intent to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 846 and 841(a)(1); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).  An initial appearance was held on December 21, 2018, at which time the government moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) (defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act), (f)(1)(E) (defendant is charged with a crime involving the possession of a firearm), and (f)(2)(A) (risk of flight).  On January 2, 2019, the defendant consented to voluntary detention without prejudice.

On April 9, 2020, Martinez-Peguero filed a motion for a detention hearing.  Docket Nos. 82, 83.  This Court held a detention hearing via videoconference on April 30, 2020, at which the parties agreed to proceed by proffer.  After careful consideration of the parties' filings, their arguments at the hearing, and a Pretrial Services Report recommending detention, this Court orders Martinez-Peguero detained pending trial.

**I.     ANALYSIS**

    **A.     Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, this Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791 (citations omitted).

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). Where, as here, there is probable cause to believe that the defendant committed an offense punishable under the Controlled Substances Act by a term of incarceration of 10 years or more, a rebuttable presumption of danger and flight arises. 18 U.S.C. § 3142(e)(3)(A). The presumption imposes a burden of production on the defendant to come forward with "some

evidence" to demonstrate that he is not a danger to the community or a flight risk.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  Without credible evidence to rebut the presumption, the presumption alone may justify detention.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the government.  Jessup, 757 F.2d at 381.

### B. Nature Of The Offense

The government alleges that Martinez-Peguero and his co-defendant sold almost one kilogram of heroin to a cooperating witness.  At the conclusion of the sale, Martinez-Peguero was arrested and officers seized a loaded semi-automatic pistol from inside Martinez-Peguero's waistband.  If convicted, Martinez-Peguero faces a 10-year mandatory minimum sentence.

### C. Defendant's History And Characteristics

Martinez-Peguero, age 29, was born in the Dominican Republic.  He has been in custody in connection with this case since December 21, 2018.  Prior to his arrest, he had worked at a company that picked up packages to be sent to the Dominican Republic.

Martinez-Peguero reported that he suffers from chronic lung and sinus issues.  His criminal record shows two pending cases for drug offenses.

### D. Risk of Flight

As stated above, Martinez-Peguero was born in the Dominican Republic and it is not clear when he entered the United States.  He reported that prior to his arrest, he lived in Massachusetts for approximately one year and four months.  He is not legally in the United States and is currently under removal proceedings.

The defendant's parents and siblings live in the Dominican Republic, except for his

brother who is a co-defendant in this case and is currently in custody.  Martinez-Peguero has been in an off-and-on relationship with his girlfriend for approximately 15 years.  They have a one-year old child.  His girlfriend and child live in New York.

### E. Dangerousness

Narcotics trafficking is encompassed within Congress's definition of danger to the community.  United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985).  In addition, Martinez-Peguero was in the possession of a loaded firearm at the time of his arrest.

### F. Assessment Of All Factors

After carefully considering the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, I find that the government has met its burden regarding detention.  Martinez-Peguero is a citizen of the Dominican Republic with no legal status in the United States and very limited ties to the community, who is facing a lengthy sentence if convicted.  Further, the nature of the instant offense, involving drugs and the possession of a firearm, as well as his pending cases for drug offenses, raise significant public safety concerns.  In light of the foregoing, he is not a candidate for release.  He argues, however, that his lung and sinus issues put him at increased risk were he to contract COVID-19 while detained.  While this Court is mindful of the dangers posed by the COVID-19 public health crisis in custodial settings, the present record lacks any medical evidence to support his alleged health conditions or connecting such conditions with increased risk to him from COVID-19.

Therefore, in light of the serious nature of Martinez-Peguero's offenses, his immigration status, his strong ties to the Dominican Republic, and the presumption applicable to this case, this Court finds that no condition or combination of conditions will reasonably assure the appearance of Martinez-Peguero as required and the safety of the community.

## **ORDER OF DETENTION**

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Angel Martinez-Peguero be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Angel Martinez-Peguero be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Angel Martinez-Peguero is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## **RIGHT OF APPEAL**

THE PERSON DETAINED BY THIS ORDER MAY FILE AN APPEAL FROM A RELEASE OR DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(c).

                                                          /s/ Jennifer C. Boal
                                                          JENNIFER C. BOAL
                                                          United States Magistrate Judge